ESTATE OF BUFFINGTON: ATKINSON, Appellant, vs.
ESTATE OF BUFFINGTON, Respondent.*

*June 4—June 22, 1946.*

* Motion for rehearing denied, without costs, on September 28, 1946.

*A. H. Shoemaker* of Eau Claire, for the appellant.

For the respondent there was a brief by *C. T. Bundy* and *E. B. Bundy,* both of Eau Claire, and oral argument by *E. B. Bundy.*

RECTOR, J.   It is the position of the appellant that the wills executed by Byron A. Buffington and Fannie E. Buffington, his wife, on June 11, 1929, constituted a mutual agree-

ment to dispose of their property as therein set out; that under the agreement the survivor was to receive the property of the other subject to certain other bequests; that upon the death of the survivor his or her property, including that acquired from the other, was by the agreement to be distributed in accordance with paragraphs seventh to twelfth, inclusive, of the will of Byron A. Buffington; and that the appellant, by virtue of those paragraphs, was entitled to receive property considerably in excess of that bequeathed to her by the will and codicil admitted to probate.

The court below held that the question as to whether the wills constituted a contract was not properly before it upon the petition for probate of the later will and codicil and that such a claim should be tried in an independent proceeding. It also ruled that the appellant had no standing to object to the will offered for probate in that she took under such will, that she was not an heir at law, and would not take by descent if the will were denied.

The court below properly held that the appellant had no standing to object to the will. One must have some interest in the disallowance of a will in order to object to its probate. An heir at law might do so, if he would receive more by descent in case the testamentary disposition were not to be established. *In re Rohling* (1940), 18 N. Y. Supp. (2d) 877. The appellant, however, was not an heir at law of Fannie E. Buffington. She also would have been entitled to object to the will and codicil offered for probate had she been able to offer a prior will for probate containing a more favorable provision for her. *In re Will of Hunt* (1904), 122 Wis. 460, 100 N. W. 874. We may assume, without deciding, that a contract such as that claimed would give appellant standing, but nothing to which she points lends the least color to her claim that a contract existed between Buffington and his wife to dispose of their property. The only basis asserted for such a contract is the provision made by para-

graphs second and sixth of his will, which falls far short of supporting the contention.

Paragraph second recites that Buffington and his wife each has made a will providing that the residue of his or her estate after the payment of debts, expense, and specific bequests should go to the survivor in the event that he or she might survive for a period of thirty days, and that if such were not the case, the residue should go to certain charities and persons, including appellant, mutually agreed upon. Paragraph sixth carries into effect the arrangement stated in paragraph second by devising the residue to Fannie E. Buffington provided she were to survive him for a period of thirty days. If she should not survive him, the residue was to be used to pay the certain named bequests which had been mutually agreed upon.

Fannie E. Buffington survived her husband for more than thirty days and thereby the alternative bequests in paragraphs seventh to twelfth, inclusive, of her husband's will became inoperative. It is pursuant to such alternative and mutually agreed upon bequests that the appellant claims. There was no such contract as that claimed in the objections, and the appellant did not thereby acquire standing as an interested party to object to the admission of the will and codicil offered for probate.

*By the Court.*—Judgment affirmed.